STATE, EX REL. OVERSEER OF THE POOR OF THE TOWNSHIP OF TEWKSBURY, v. BYRAM PICKELL.

Under the bastardy act approved March 27th, 1874, (*Rev.*, *p.* 70,) when the person charged with being the father of a bastard is acquitted by the jury before the justices, but convicted in the Quarter Sessions on appeal, the Court of Quarter Sessions is authorized and required to make an order of filiation and maintenance against him.

On *mandamus*.

Argued at February Term, 1881, before Justices DIXON, REED and PARKER.

For the motion, *J. T. Bird.*

*Contra, J. N. Voorhees.*

The opinion of the court was delivered by

DIXON, J.   The defendant having been arrested on a warrant charging him with being the father of a bastard chargeable to the township of Tewksbury, demanded trial by jury, and on such trial was ·acquitted.   Thereupon the overseer of the poor appealed to ˙the Hunterdon Sessions, where also a jury was empaneled, and there the defendant was convicted. The court, however, declines to make any order of filiation and maintenance upon the verdict, considering that it has not authority to do so, and therefore a *mandamus* is prayed for by the township, commanding the Sessions to proceed to make such order.

It is conceded by the relator that no enactment concerning bastardy prior to the revision of 1874 warranted the procedure which he is now seeking to enforce.   According to previous statutes, the finding of the justices or of the jury before them, that the defendant was not the father of the bastard, would have been conclusive, no appeal being given to the township. But by the seventeenth section of the revised law, (*Rev.*, *p.* 73,) it is expressly enacted that any township which may deem itself aggrieved by the finding of the jury before the justices, may appeal therefrom to the next Court of General Quarter Sessions of the Peace; and there the same question—whether the person charged is the father of the child—is to be tried before either the judges or a jury.   So much is clearly within the language of the statute; but what shall be done beyond this, in case of conviction on appeal after acquittal below, is left very much to inference.   Certainly, however, it cannot have been the design of the legislature that the proceeding there should end.   This act is entitled "An Act for the maintenance of bastard children," and the ascertainment of the father of any such child is merely a step in pursuance of that object.   The purpose of discovering the father is to fasten upon him the obligation of maintaining his offspring. The court, therefore, must search the law for some method of reaching this end.   Two modes only are suggested : one, that the verdict shall be transmitted to the two justices from whom

the appeal came, that they may originate an order of maintenance; the other, that the Sessions shall make such order. The first mode is entirely without legislative support, and is so unusual and inconvenient that, unless in obedience to statutory enactment, it should not be adopted. The second mode is that which the law contemplates. The appeal carries to the Sessions the whole cause. The nineteenth section of the act expressly gives to that court full cognizance of the case; which includes authority to hear and determine every question necessary for its complete disposition.

Let an alternative <em>mandamus</em> be issued.